IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GABRIEL MARTINEZ, #20816-179, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:07-CV-1715-P |
| | ) | ECF |
| FEDERAL CORRECTIONAL | ) | |
| INSTITUTION, et al., | ) | |
| Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil rights action brought by a federal inmate.

Parties: At the time of filing this action, Plaintiff was confined at FCI Seagoville in Seagoville, Texas. He was thereafter transferred to FCI Beaumont. As of the filing of this recommendation, Plaintiff has yet to inform the court of his change of address.

Defendants are FCI Seagoville, Warden David Berkebile, and S.I.S. Investigator John Doe. The court issued process in this case.

Statement of Case: Plaintiff complained of the conditions of his confinement at FCI Seagoville, including failure to protect from an alleged assault at the hands of other inmates, and

failure to conduct an adequate investigation. He sought monetary relief.[1]

Defendants have filed a motion to dismiss for want of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), and for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Plaintiff has not responded.

<u>Findings and Conclusions</u>: Plaintiff's complaint is subject to dismissal for failure to exhaust administrative remedies, a mandatory requirement for an action challenging prison conditions. *See Woodford v. Ngo*, ___ U.S. ___, 126 S. Ct. 2378, 2382-83 (2006) (citing *Porter v. Nussle*, 534 U.S. 516, 524, 122 S. Ct. 983, 988 (2002); *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 1825 (2001)); *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004); *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003). Failure to exhaust is an affirmative defense under the PLRA. *Jones v. Bock*, ___ U.S. ___, 127 S.Ct. 910, 921 (2007).

42 U.S.C. § 1997e(a) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The Fifth Circuit Court of Appeals has construed § 1997e(a) to require "that administrative remedies be exhausted *before* the filing of a § 1983 suit." *Wendell v. Asher*,

---

[1] Plaintiff's transfer from FCI Seagoville to FCI Beaumont renders his claims for declaratory and injunctive relief moot. *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (even if inmate was able to establish constitutional violation, his transfer to another prison rendered moot his claim for declaratory and injunctive relief) (citing *Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991)); *Beck v. Lynaugh*, 842 F.2d 759, 762 (5th Cir. 1988) (prisoners who were no longer in Retrieve Unit could not seek injunctive relief against conditions of confinement there). Any suggestion of relief based on the possibility of a transfer back to FCI Seagoville is too speculative to warrant relief. *See Herman*, 238 F.3d at 665 (citing *Bailey v. Southerland*, 821 F.2d 277, 279 (5th Cir.1987)). Therefore, Plaintiff's declaratory and injunctive relief claims should be dismissed as moot.

162 F.3d 887, 890 (5th Cir. 1998) (emphasis added); *see also Johnson*, 385 F.3d at 515; *Harris v. Hegmann,* 198 F.3d 153, 157 (5th Cir. 1999). "To hold otherwise would encourage premature filing by potential litigants, thus undermining Congress' purpose in passing the PLRA, which was to provide the federal courts some relief from frivolous prisoner litigation." *Wendell*, 162 F.3d at 891 (citing *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998)).[2]

Defendants contend that Plaintiff failed to raise his conditions of confinement claims through the Bureau of Prisons' administrative remedy process prior to filing this action. *See* Defendants' Motion to Dismiss at 4 and Appendix to Defendants' Motion at 1-2. Plaintiff's claims were, thus, never exhausted. His action should be dismissed without prejudice for failure to exhaust administrative remedies under § 1997e(a). *See Wendell*, 162 F.3d at 891-92; *see also Clifford v. Gibbs*, 298 F.3d 328, 333 (dismissing without prejudice for failure to exhaust administrative remedies under § 1997e(a)); *Scott v. Graham*, 54 Fed. Appx. 405 (5th Cir. 2002) (unpublished per curiam) (same); *Belasco v. Haro*, 2005 WL 1521756, *2 (N.D. Tex. Jun. 28, 2005) (1:05cv046-C) (dismissing federal prisoner's claims without prejudice for failure to exhaust administrative remedies under § 1997e(a)).

---

[2] The Code of Federal Regulations (CFR) provides inmates a three-tiered administrative remedies process for complaints related to any aspect of confinement. 28 C.F.R. §§ 542.10-542.15. Prisoners have twenty days following the date of the event that is the basis for the request to file a formal written Administrative Remedy Request (commonly known as BP-9). 28 C.F.R. § 542.14. If a prisoner is not satisfied with the Warden's response to his request, he may file an appeal to the Regional Director (commonly known as BP-10) within twenty days of the date on the response. 28 C.F.R. § 542.15. Prisoners may then appeal to the General Counsel within thirty days of the response from the Regional Director (commonly known as BP-11). *Id.* The CFR provides that "[w]hen the inmate demonstrates a valid reason for delay, these time limits may be extended." *Id.*

RECOMMENDATION:

For the foregoing reasons, it is recommended that Defendants' motion to dismiss (Docket #19) be GRANTED in part and that this action be DISMISSED without prejudice for failure to exhaust administrative remedies. *See* 42 U.S.C. § 1997e(a).

Signed this 7th day of March, 2008.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.